UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DIANE VALENTINE,

       *Plaintiff*,

                                              **ORDER**
                                           24-CV-03347 (SJB) (JMW)

    -against-


SPERRY TENTS HAMPTONS,

       *Defendant*.
---------------------------------------------------------------X

**A P P E A R A N C E S:**

    Samantha Hudler
    **White & Hilferty**
    757 Third Avenue
    Ste 20th Floor
    New York, NY 10017
    *Attorney for Plaintiff*

    **Daniel Dov Edelman**
    Epstein Becker & Green, P.C.
    875 Third Avenue
    10022
    New York, NY 10022
    *Attorney for Defendant*

**WICKS,** Magistrate Judge:

    Plaintiff Diane Valentine ("Plaintiff") commenced this action against Defendant Sperry Tents Hamptons ("Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.*, the American with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and N.Y. Exec. Law § 296, *et seq.*, seeking damages that Plaintiff suffered as a result of Defendant's discrimination and

retaliation based on Plaintiff's "age, sex, disability and engagements in protected activity." (*See generally* ECF No. 1.) The parties are currently engaged in discovery. Before the Court is Plaintiff's motion to quash (ECF No. 27) the non-party subpoena served upon Plaintiff's former counsel by Defendant. (*Id.*) Defendant opposes the application. (ECF No. 28.) For the reasons that follow, the motion to quash (ECF No. 27) is **DENIED**.

## THE LEGAL FRAMEWORK

Rule 45 authorizes the issuance of subpoenas by counsel. Fed R. Civ. P. 45(a)(3). "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and properly served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, No. 08-cv-1469 (FB) (MDG), 2009 U.S. Dist. LEXIS 109387, at *2 (E.D.N.Y. 2009). Fed. R. Civ P. 45(d)(3)(A) governs applications to quash or modify a subpoena. That is, courts must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).

"A subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Warnke v. CVS Corp.*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (internal quotes omitted). As such, "the party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." *Knight v. Local 25 IBEW*, No. 14-cv-6497 (DRH) (AKT), 2016 U.S. Dist. LEXIS 45920, *4 (E.D.N.Y. Mar. 31, 2016) (citation omitted). "The definition of relevance under Fed.

2

R. Evid. 401 is very broad, and as a result, the standard for relevance is very low. So long as a chain of inferences leads the trier of fact to conclude that the proffered submission affects the mix of material information, the evidence cannot be excluded at the threshold relevance inquiry." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, 23-CV-7331 (LL), 2025 WL 1314239, at *1 (S.D.N.Y. May 6, 2025) (quoting *United States v. Jones*, No. 16-cr-0553 (AJN), 2018 WL 1115778, at *9 (S.D.N.Y. Feb. 27, 2018)) (cleaned up). "Relevance 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'" *Vale v. Great Neck Water Pollution Control Dist.*, No. 14-CV-4229 (ADS) (AYS), 2016 WL 1072639, at *2 (E.D.N.Y. Jan. 8, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). However, once relevance is demonstrated, the party opposing the subpoena must come forth and demonstrate "that the subpoena is over-broad, duplicative, or unduly burdensome." *Knight,* 2016 U.S. Dist. LEXIS 45920, *4 (citation omitted). "Whether a subpoena imposes an undue burden depends upon such factors as relevance, the need of the party for the documents, the breadth of the document requests, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Libaire v. Kaplan*, 760 F. Supp. 2d 288, 293–94 (E.D.N.Y. 2011) (internal quotes omitted).

It is against this backdrop that the Court considers Plaintiff's motion to quash.

## **DISCUSSION**

Defendant seeks documents from Plaintiff's prior legal counsel, Valli Kane & Vagnini LLP ("VKV"). According to Defendant, VKV represented Plaintiff while she was employed by Defendant and after termination. (ECF No. 28 at 1.) The representation continued upon termination "for the purpose of raising the legal claims at issue in this case." (*Id.* at 2-3.) In

3

addition, in July 2022, VKV sent Defendant a notice of the legal claims and the next month, filed an EEOC complaint. (*Id.* at 3.) The parties fail to inform the Court why or when the attorney-client relationship terminated with VKV.[1] However, the undersigned notes that VKV was never counsel of record in the instant matter.

On May 14, 2025, Defendant served non-party VKV with a subpoena duces tecum with a specific list as outlined in Schedule A to the subpoena. (ECF No. 27-1.) Specifically, the documents requested are:

1. All documents and communications by, between or among you and any governmental agency, including without limitation the EEOC and New York Department of Labor, concerning Valentine and/or Sperry Tents Hamptons.

2. All document preservation letters provided to Valentine and/or instructions provided to Valentine concerning document preservation regarding anticipated legal claims against Sperry Tents Hamptons.

3. All engagement letters entered into between or among you and Valentine.

4. All other non-privileged documents and communications concerning:

    a. Valentine;
    b. Sperry Tents Hamptons;
    c. Stephen L. Clarke; and/or
    d. Barbara Clarke.[2]

(*Id.* at 9.)

Plaintiff argues that the subpoena is "overbroad and not reasonably calculated to lead to the discovery of admissible evidence and seeks no relevant documentation which could not be obtained through a less obtrusive source, such as Plaintiff herself." (ECF No. 27 at 2.) Additionally, no prior notice was provided, and some documents are subject to attorney-client

---

[1] According to Schedule A, the document requests are limited to the timeframe of "May 1, 2022, to the present." (ECF No. 27-1 at 8.) This does not indicate the termination of the client-attorney relationship.

[2] As per the Amended Complaint (ECF No. 17) Stephen L. Clarke and Barbara Clarke are co-owners of Sperry Tents Hamptons. (*Id.* at ¶¶ 15, 32.)

4

privilege such as advice relating to document preservation. (*Id.* at 3.) Defendant disagrees and contends that Plaintiff has admitted to spoliation of evidence that would have been found on her company laptop had she not performed a "factory reset" and returned the laptop when terminated almost three years ago. (ECF No. 28 at 2, 5.) Moreover, Defendant cites authority that preservation and engagement letters are generally not protected by privilege. (*Id.* at 3-5.)

*First and foremost*, the requests do not appear overbroad or irrelevant to the underlying matter for employment discrimination. *See Am. Transit Ins. Co. v. Pierre*, No. 24 CV 360 (RPK) (CLP), 2024 WL 4593635, at *2 (E.D.N.Y. Oct. 28, 2024), *reconsideration denied*, No. 24 CV 360 (RPK) (CLP), 2024 WL 5057697 (E.D.N.Y. Dec. 10, 2024) (finding that a document request is not overbroad as it related to underlying claims at issue). VKV was involved in at least the beginning stages of preparing for this action and would have relevant information to disclose to Defendant. Notwithstanding privileged matters, Defendant is entitled to seek documents that are relevant to its claims or defenses. *See* Fed. R. Civ. P. 26(b)(1). Moreover, Plaintiff fails to articulate how the requests are overbroad and rather asserts a conclusory statement. (ECF No. 27 at 2.) In other words, Plaintiff has not informed the court of any undue burden that non-party VKV would be subjected to. *See Fossil Grp., Inc. v. Angel Seller LLC*, No. 20-CV-2441 (HG) (TAM), 2022 WL 17775185, at *4 (E.D.N.Y. Oct. 19, 2022) (discussing that the non-parties have "not provided any specific details as to the number of documents that would need to be produced, the scope of the production, or any other information to establish that the production would be unduly burdensome.").

*Second*, the indicia of spoliation as alleged by Defendant is critical to the analysis here. Although no clear evidence is provided by either party, there is evidence that the company laptop was only returned recently. (ECF Nos. 28 at 2; 28-2 at 2.) As Defendant contends, "to the extent

5

any of the spoliated evidence can be retrieved from Ms. Valentine's past counsel, who represented her while she was still employed and in the immediate aftermath of her termination for the purpose of raising the legal claims at issue in this case, Defendant is entitled to seek such discovery." (ECF No. 28 at 2-3.) Given the spoliation accusations, Plaintiff's assertion that the documents could be obtained from the Plaintiff rather than the VKV, seem uncertain at the moment. *See Harris v. City of New York*, No. 20 CIV. 2011 (JPC), 2025 WL 1420424, at *1 (S.D.N.Y. Apr. 22, 2025) (quoting *Roytlender v. D. Malek Realty, LLC*, No. 21 Civ. 52 (MKB) (JMW), 2022 WL 5245584, at *4 (E.D.N.Y. Oct. 6, 2022)) ("While Defendant is correct that '[i]nstructions to preserve documents by way of formal litigation hold notices exchanged between attorneys and their clients are privileged communications and generally immune from discovery,' this general rule 'is not an absolute barrier to the information. Rather, litigation hold letters may indeed be discoverable where there has been a preliminary showing of spoliation.'"); *Roytlender*, 2022 WL 5245584, at *4 (collecting cases) ("Litigation hold letters may indeed be discoverable where there has been a preliminary showing of spoliation.").

*Third*, as for privileged matters, Defendant seeks non-privileged matters as indicated in the requests, document preservation letters and engagement letters. "The attorney-client privilege applies to '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential and (3) was made for the purpose of obtaining legal advice.'" *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 610 (S.D.N.Y. 2014) (quoting *In re County of Erie,* 473 F.3d 413, 419 (2d Cir.2007)). "The privilege protects not only the advice of the attorney to the client, but also the information communicated by the client that provides a basis for giving advice." *Id.* (quoting *United States v. Ghavami,* 882 F.Supp.2d 532, 536 (S.D.N.Y. 2012)). As illustrated above, litigation hold letters or preservation letters are discoverable when

6

there is indicia of spoliation.  Moreover, engagement letters are discoverable in this Circuit. *See Torres v. Toback, Bernstein & Reiss LLP*, 278 F.R.D. 321, 322 (E.D.N.Y. 2012) (collecting cases) ("As to the retainer agreement, a long and unbroken line of cases in this Circuit have established that 'in the absence of special circumstances client identity and fee arrangements do not fall within the attorney-client privilege because they are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice.'"). Here, Plaintiff does not argue that any special circumstances exist. In any event, privileged matters that non-party VKV finds in the process of production may be withheld or redacted to preserve privilege. If that occurs, a privilege log would need to be created and produced. *See Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2024 WL 5056111, at *5 (S.D.N.Y. Dec. 10, 2024) (quoting *Mohr v. Sec. Credit Servs., LLC*, 141 F. Supp. 3d 179, 185 (N.D.N.Y. 2015) ("portions of such records may be protected under the attorney-client privilege or work-product doctrine if they 'reveal litigation strategy or the specific nature of the service provided.' But again, in order to assert privilege over these documents, [Plaintiff] must first produce a privilege log.")).

For the foregoing reasons, the motion to quash is denied and VKV is directed to comply with the subpoena.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Quash (ECF No. 27) is **DENIED** and non-party VKV is directed to produce the requested documents on or before **June 20, 2025**.

Dated: Central Islip, New York
      May 30, 2025

                                        S O   O R D E R E D:

                                      /s/ *James M. Wicks*
                                        JAMES M. WICKS
                                United States Magistrate Judge