UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DIANE VALENTINE,

        *Plaintiff*,

    -against-

SPERRY TENTS HAMPTONS,

        *Defendant*.
----------------------------------------------------------------X

**ORDER**

24-CV-03347 (SJB) (JMW)

**A P P E A R A N C E S:**

    Matthew L. Berman
    **Valli Kane & Vagnini LLP**
    600 Old Country Road, Suite 519
    Garden City, NY 11530
    *Non-Party*

    Daniel D. Edelman
    **Epstein Becker & Green, P.C.**
    875 Third Avenue
    New York, NY 10022
    *Attorney for Defendant*

**WICKS,** Magistrate Judge:

Valli Kane & Vagnini LLP ("VKV"), prior counsel for Plaintiff Diane Valentine ("Plaintiff"), brings this motion requesting that the Court reconsider its prior ruling (ECF No. 29) denying Plaintiff's Motion to Quash (ECF No. 27) the non-party subpoena served on VKV by Defendant Sperry Tents Hamptons ("Defendant"). (ECF No. 30.) After careful review and

1

consideration of VKV's Motion (ECF No. 30) and Defendant's Opposition (ECF No. 34)[1], the application is **DENIED** for the reasons that follow.

## DISCUSSION

A review of the timeline of the subpoena at issue is necessary. On May 14, 2025, Defendant served Plaintiff with notice and a copy of the non-party VKV subpoena. (ECF No. 34-2.) On May 15, 2025, Defendant served VKV with the non-party subpoena. (ECF No. 34-3.) A week later, on May 22, 2025, Plaintiff filed a Motion to Quash the non-party subpoena (ECF No. 27), which the Court considered and denied for the reasons stated within the Order issued on May 30, 2025 (ECF No. 29). On June 5, 2025 – five days after the Order and twenty-one days after service of the subpoena – VKV filed the instant motion. (ECF No. 30.)

*First*, VKV argues that it "was not provided with any opportunity to be heard on the motion, depriving it of due process of law, which justifies relief." (ECF No. 30 at 2.) The Court notes that the authority cited, *Hadwan v. United States Dep't of State*, 2025 WL 1560398, *10 (2d Cir. June 3, 2025), relates to an individual's passport taken by the government with nothing in that decision relating to a non-party's ability or right to challenge or quash a subpoena. That case is inapplicable here and in no way offers support for VKV's position. Indeed, VKV has offered no authority or support for its due process argument, nor has the Court independently been able to ferret out any support.

At all times VKV had the right and opportunity to move under Fed. R. Civ. P. 45 within 14 days of service just as Plaintiff did. VKV chose not to do so. The Court considered Plaintiff's motion to quash and rendered a decision by Order issued on May 30, 2025 (ECF No. 29). Only *after* that Order was issued—denying the motion to quash—did VKV seek to quash

---

[1] Plaintiff took no position on this motion.

again. VKV admits that Mr. Berman, Counsel for VKV, "informed Plaintiff and her counsel of VKV's receipt of the subpoena and was advised that Plaintiff would file a motion to quash." (ECF No. 30 at 2.) Nowhere does VKV argue that service of the subpoena was improper but admits to "receipt of the subpoena." (*Id.*)

*Second*, as to the notice requirements for non-party subpoenas pursuant to Rule 45(a)(4), VKV received notice once it was served. (ECF Nos. 34-1, 34-2.) VKV was afforded an opportunity to be heard, and to date, both Plaintiff and VKV moved to quash, resulting in no harm or deprivation of their rights. The Federal Rules require "a notice and a copy of the subpoena [to] be served on each party" prior to service of a subpoena on a non-party. Fed. R. Civ. P. 45(a)(4); *see Henry v. Morgan's Hotel Grp., Inc.*, No. 15-CV-1789 (ER)(JLC), 2016 WL 303114, at *1 (S.D.N.Y. Jan. 25, 2016) (same). That was done here.

Indeed, Defendant in its Opposition outlines compliance with notice requirements. On May 14, 2025, Defendant served notice on Plaintiff and the next day, served VKV with the subpoena. (*See* ECF No. 34 at Exhibits 2-3.) "The requirement of prior notice has been interpreted to require that notice be given prior to the issuance of the subpoena, not prior to its return date." *Rebmann v. Astec, Inc.*, No. 21-CV-879 JLS(SR), 2022 WL 2345945, at *3 (W.D.N.Y. June 29, 2022) (citing *Murphy v. Bd. of Educ. of Rochester City Sch. Dist.*, 196 F.R.D. 220, 222 (W.D.N.Y. 2000) *quoting Schweitzer v. Mulvehill*, 93 F. Supp.2d 376, 411 (S.D.N.Y. 2000)); *see also Applied Minds, LLC v. Guild Hall of E. Hampton, Inc.*, No. 24-CV-1465 (AT) (SLC), 2025 WL 1135657, at *4 (S.D.N.Y. Apr. 17, 2025) (finding that notice requirements were met by serving notice of the subpoena prior to service on the non-party and noting that although Defendant could have waited a few days prior to serving the non-party, the federal rules do not require that).

Fed. R. Civ. P. 45 mandates that any objections are to be "served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). Here the subpoena was served on May 15, 2025, and the fourteen-day deadline expired on May 29, 2025. Likewise, the subpoena stated compliance of document production was to be completed by May 30, 2025, at 10:00 AM. (*See* ECF Nos. 27-1, 34-1, 34-2.)

"It is well settled in the Second Circuit that for a motion to quash a subpoena to be 'timely,' it 'must be made prior to the return date of the subpoena.'" *Est. of Tillman by Tillman v. City of New York*, 345 F.R.D. 379, 385 (E.D.N.Y. 2024); *see also City of New York v. Golden Feather Smoke Shop, Inc.*, CV-08-CV-3966 (CBA), 2009 WL 10705762, at *2 (E.D.N.Y. Dec. 21, 2009) (collecting cases) (internal citations omitted) ("The Federal Rules of Civil Procedure require a motion to quash a subpoena duces tecum to be made 'promptly ... at or before the time specified in the subpoena for compliance therewith.' … Although '[t]he decision of whether to quash or modify a subpoena is within the district court's discretion,' it is well settled in the Second Circuit that for a motion to quash a subpoena to be 'timely,' it 'must be made prior to the return date of the subpoena.'").

VKV charted its own procedural course by strategically waiting for Plaintiff's motion to quash to be decided. Once that motion was decided—it was not until June 5, 2025 that VKV filed this motion and thus, missed *both* deadlines under Rule 45.

Accordingly, this is an untimely motion. However, even if the Court were to exercise its discretion and consider this latest (second) motion to quash, it would nevertheless fail because this is dressed up attempt to seek modification of the earlier Order. *See In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509, 516 (S.D.N.Y. 2022) (collecting cases permitting untimely motions to quash) ("district courts have broad discretion

4

over the decision to quash a subpoena, and a number of courts in this Circuit have exercised their discretion to consider motions to quash that were not timely filed within the meaning of Rule 45 and applicable case law.")

*Third*, the crux of this application is that VKV moves under Fed. R. Civ. P. 60 for reconsideration. (ECF No. 30 at 2.) In other words, after learning of the result of Plaintiff's motion to quash – which was denied – VKV now seeks modification of that Order.  In short, VKV seeks reconsideration of the Order on Plaintiff's motion.  Reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure, as well as Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules").

A motion for reconsideration "is appropriate when the moving party can demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Herschaft v. N.Y.C. Campaign Fin. Bd.*, 139 F. Supp. 2d 282, 283 (E.D.N.Y. 2001) (internal quotation marks and citation omitted).  Reconsideration is warranted only when: (i) the moving party points to an intervening change in controlling law, (ii) newly available evidence is identified, (iii) clear error is established, or (iv) reconsideration is necessary to avoid a manifest injustice. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021); *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (same); *T.Z. v. City of New York*, 634 F. Supp. 2d 263, 268 (E.D.N.Y. 2009) (same).  Moreover, Rule 60(b) permits relief from an order or judgment for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or in exceptional or extraordinary

5

circumstances. *See* Fed. R. Civ. P. 60(b). The question, therefore, is whether any of these grounds have been met.

Here, there are no changed circumstances, new facts, or law that the Court overlooked. The very same arguments that VKV asserts now, were raised in Plaintiff's motion to quash (ECF No. 27), which the Court considered and found were insufficient to invalidate the subpoena. Rather, VKV makes an additional point that Plaintiff failed to argue in its original motion to quash, which is Defendant's ability to obtain governmental records pursuant to Freedom of Information Act or FOIA for request number one—communications with government agencies. (ECF No. 34-1 at 9.)

Notably, "a party may not advance new facts, issues, or arguments not previously presented to the Court on a motion for reconsideration." *Superior Site Work, Inc. v. NASDI, LLC,* No. 14-cv-01061 (ADS) (SIL), 2017 U.S. Dist. LEXIS 77453, at *4 (E.D.N.Y. May 22, 2017) (internal quotations omitted); *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted) (noting that a motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple). Put simply, a reconsideration motion is not appropriate to secure a "do-over." This is exactly what VKV seeks, a do-over. And it is well within the sound discretion of the district court to decide whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679-80 (S.D.N.Y. 2014); *Rivas v. Melecio*, No. 23-CV-05718 (JMA), 2024 WL 1096065, at *1 (E.D.N.Y. Feb. 21, 2024).

*Fourth*, assuming that VKV was successful on the motion for reconsideration, which it is not, VKV's assertion that Defendant should bear the costs of the tasks required to obtain the

6

documents is unavailing. Upon review of the cost-shifting factors applied by courts, the circumstances present here simply do not weigh in favor of shifting costs for production. *See In re Novartis & Par Antitrust Litig.*, No. 18 CIV. 4361 (AKH), 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020) (internal citations and quotations omitted) (collecting cases on the three-factor test). Likewise, Courts have found that where a party has not established that complying with the subpoena would result in substantial expenses, a cost-shifting application is denied. *See In re Lane*, No. 22-MC-34 (LGS), 2023 WL 2966647, at *3 (S.D.N.Y. Apr. 17, 2023) (collecting cases where cost-shifting applications are awarded for broad requests) ("[non-party] has not established that compliance with the subpoena will result in 'significant expense' so as to make cost-shifting appropriate.")

Accordingly, VKV is directed to comply with the subpoena.

## CONCLUSION

For the foregoing reasons, VKV's Motion for Discovery Seeking Modification of this Court's Order at ECF No. 29 (ECF No. 30) is **DENIED** and VKV is directed to comply with the subpoena by producing documents **on or before July 1, 2025**.

Dated: Central Islip, New York
       June 17, 2025

S O   O R D E R E D:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge